No. 25-7341

**IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT**

BERKELEY HOMELESS UNION, ET AL.

*Plaintiffs-Appellees*.

v.

CITY OF BERKELEY, ET AL.,

*Defendants-Appellants*,

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-CV-01414-EMC
Hon. Edward M. Chen

**CIRCUIT RULE 28-2.7 ADDENDUM TO
APPELLANTS' OPENING BRIEF**

Farimah Faiz Brown, City Attorney, No. 201227
Laura Iris Mattes, Deputy City Attorney, No. 310594
Stephen A. Hylas, Deputy City Attorney, No. 319833

Berkeley City Attorney's Office
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
(510) 981-6998
lmattes@berkeleyca.gov

*Attorneys for Appellants*
*City of Berkeley, Thomas Gregory, Paul Buddenhagen,
Peter Radu, Okeya Vance-Dozier, Rashi Kesarwani*

## TABLE OF CONTENTS

**Description**

**FEDERAL STATUTES**

28 U.S.C. § 1292(a) ................................................................................................ A-1

42 U.S.C. § 12111 .................................................................................................. A-4

42 U.S.C. § 12132 .................................................................................................. A-7

 **KeyCite Yellow Flag**
Proposed Legislation

United States Code Annotated
  Title 28. Judiciary and Judicial Procedure (Refs & Annos)
    Part IV. Jurisdiction and Venue (Refs & Annos)
      Chapter 83. Courts of Appeals (Refs & Annos)

28 U.S.C.A. § 1292

§ 1292. Interlocutory decisions

Currentness

**(a)** Except as provided in subsections (c) and (d) of this section, the courts of appeals shall have jurisdiction of appeals from:

**(1)** Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court;

**(2)** Interlocutory orders appointing receivers, or refusing orders to wind up receiverships or to take steps to accomplish the purposes thereof, such as directing sales or other disposals of property;

**(3)** Interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to admiralty cases in which appeals from final decrees are allowed.

**(b)** When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

**(c)** The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction--

**(1)** of an appeal from an interlocutory order or decree described in subsection (a) or (b) of this section in any case over which the court would have jurisdiction of an appeal under section 1295 of this title; and

**(2)** of an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to the United States Court of Appeals for the Federal Circuit and is final except for an accounting.

**(d)(1)** When the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title, or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

**(2)** When the chief judge of the United States Court of Federal Claims issues an order under section 798(b) of this title, or when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

**(3)** Neither the application for nor the granting of an appeal under this subsection shall stay proceedings in the Court of International Trade or in the Court of Federal Claims, as the case may be, unless a stay is ordered by a judge of the Court of International Trade or of the Court of Federal Claims or by the United States Court of Appeals for the Federal Circuit or a judge of that court.

**(4)(A)** The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction of an appeal from an interlocutory order of a district court of the United States, the District Court of Guam, the District Court of the Virgin Islands, or the District Court for the Northern Mariana Islands, granting or denying, in whole or in part, a motion to transfer an action to the United States Court of Federal Claims under section 1631 of this title.

**(B)** When a motion to transfer an action to the Court of Federal Claims is filed in a district court, no further proceedings shall be taken in the district court until 60 days after the court has ruled upon the motion. If an appeal is taken from the district court's grant or denial of the motion, proceedings shall be further stayed until the appeal has been decided by the Court of Appeals for the Federal Circuit. The stay of proceedings in the district court shall not bar the granting of preliminary or injunctive relief, where appropriate and where expedition is reasonably necessary. However, during the period in which proceedings are stayed as provided in this subparagraph, no transfer to the Court of Federal Claims pursuant to the motion shall be carried out.

**(e)** The Supreme Court may prescribe rules, in accordance with section 2072 of this title, to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d).

**CREDIT(S)**

(June 25, 1948, c. 646, 62 Stat. 929; Oct. 31, 1951, c. 655, § 49, 65 Stat. 726; Pub.L. 85-508, § 12(e), July 7, 1958, 72 Stat. 348; Pub.L. 85-919, Sept. 2, 1958, 72 Stat. 1770; Pub.L. 97-164, Title I, § 125, Apr. 2, 1982, 96 Stat. 36; Pub.L. 98-620, Title IV, § 412, Nov. 8, 1984, 98 Stat. 3362; Pub.L. 100-702, Title V, § 501, Nov. 19, 1988, 102 Stat. 4652; Pub.L. 102-572, Title I, § 101, Title IX, §§ 902(b), 906(c), Oct. 29, 1992, 106 Stat. 4506, 4516, 4518.)

Notes of Decisions (3082)

28 U.S.C.A. § 1292, 28 USCA § 1292

Current through P.L. 119-59. Some statute sections may be more current, see credits for details.

**End of Document**  © 2026 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
  Title 42. The Public Health and Welfare
    Chapter 126. Equal Opportunity for Individuals with Disabilities (Refs & Annos)
      Subchapter I. Employment (Refs & Annos)

42 U.S.C.A. § 12111

§ 12111. Definitions

Effective: January 1, 2009

Currentness

As used in this subchapter:

**(1) Commission**

The term "Commission" means the Equal Employment Opportunity Commission established by section 2000e-4 of this title.

**(2) Covered entity**

The term "covered entity" means an employer, employment agency, labor organization, or joint labor-management committee.

**(3) Direct threat**

The term "direct threat" means a significant risk to the health or safety of others that cannot be eliminated by reasonable accommodation.

**(4) Employee**

The term "employee" means an individual employed by an employer. With respect to employment in a foreign country, such term includes an individual who is a citizen of the United States.

**(5) Employer**

  **(A) In general**

  The term "employer" means a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person, except that, for two years following the effective date of this subchapter, an employer means a person engaged in an industry affecting commerce who has 25 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year, and any agent of such person.

**(B) Exceptions**

The term "employer" does not include--

**(i)** the United States, a corporation wholly owned by the government of the United States, or an Indian tribe; or

**(ii)** a bona fide private membership club (other than a labor organization) that is exempt from taxation under section 501(c) of Title 26.

**(6) Illegal use of drugs**

**(A) In general**

The term "illegal use of drugs" means the use of drugs, the possession or distribution of which is unlawful under the Controlled Substances Act. Such term does not include the use of a drug taken under supervision by a licensed health care professional, or other uses authorized by the Controlled Substances Act or other provisions of Federal law.

**(B) Drugs**

The term "drug" means a controlled substance, as defined in schedules I through V of section 202 of the Controlled Substances Act.

**(7) Person, etc.**

The terms "person", "labor organization", "employment agency", "commerce", and "industry affecting commerce", shall have the same meaning given such terms in section 2000e of this title.

**(8) Qualified individual**

The term "qualified individual" means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. For the purposes of this subchapter, consideration shall be given to the employer's judgment as to what functions of a job are essential, and if an employer has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job.

**(9) Reasonable accommodation**

The term "reasonable accommodation" may include--

**(A)** making existing facilities used by employees readily accessible to and usable by individuals with disabilities; and

**(B)** job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials or policies, the provision of qualified readers or interpreters, and other similar accommodations for individuals with disabilities.

**(10) Undue hardship**

**(A) In general**

The term "undue hardship" means an action requiring significant difficulty or expense, when considered in light of the factors set forth in subparagraph (B).

**(B) Factors to be considered**

In determining whether an accommodation would impose an undue hardship on a covered entity, factors to be considered include--

**(i)** the nature and cost of the accommodation needed under this chapter;

**(ii)** the overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such accommodation upon the operation of the facility;

**(iii)** the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

**(iv)** the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative, or fiscal relationship of the facility or facilities in question to the covered entity.

**CREDIT(S)**

(Pub.L. 101-336, Title I, § 101, July 26, 1990, 104 Stat. 330; Pub.L. 102-166, Title I, § 109(a), Nov. 21, 1991, 105 Stat. 1077; Pub.L. 110-325, § 5(c)(1), Sept. 25, 2008, 122 Stat. 3557.)

42 U.S.C.A. § 12111, 42 USCA § 12111
Current through P.L. 119-59. Some statute sections may be more current, see credits for details.

End of Document  © 2026 Thomson Reuters. No claim to original U.S. Government Works.

United States Code Annotated
   Title 42. The Public Health and Welfare
      Chapter 126. Equal Opportunity for Individuals with Disabilities (Refs & Annos)
         Subchapter II. Public Services (Refs & Annos)
            Part A. Prohibition Against Discrimination and Other Generally Applicable Provisions

42 U.S.C.A. § 12132

§ 12132. Discrimination

Currentness

Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

**CREDIT(S)**

(Pub.L. 101-336, Title II, § 202, July 26, 1990, 104 Stat. 337.)

42 U.S.C.A. § 12132, 42 USCA § 12132
Current through P.L. 119-59. Some statute sections may be more current, see credits for details.

**End of Document**  © 2026 Thomson Reuters. No claim to original U.S. Government Works.