# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT
### Form 14. Motion for Extension of Time

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form14instructions.pdf*

**9th Cir. Case Number(s)** 25-7341

**Case Name** Berkeley Homeless Union v. City of Berkeley

Requesting Party Name(s) Berkeley Homeless Union

I am: ○ The party requesting the extension.

⊙ Counsel for the party or parties requesting the extension.

I request an extension of time to file a:

☒ Brief (*you **must** also complete the Declaration on page 3*)

☐ Motion to proceed in forma pauperis

☐ Motion for a certificate of appealability

☐ Response/opposition to a pending motion

☐ Reply to a response/opposition to a pending motion

☐ Certified Administrative Record

☐ Response to court order dated

☐ Other (*you **must** describe the document*)

The requested new due date is: April 25, 2026

I request the extension of time because (**cannot be left blank**):
*(attach additional pages if necessary)*

Request is due to extenssive motion practice preceding consolidated hearing in District Court set for March 20, 2026 on complex issues: (1) court-ordered cross-motions for summary judgment on ADA disability accommodations; (2) City's motion to dissolve preliminary injunction; (3) BHU's motion for a new preliminary injunction on ADA and 14th AM substantive due process most of which involve samclaims, facts, and equity issues that are subject of this appeal.

**Signature** /s/ Anthony D. Prince    **Date** March 18, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 14**    *1*    *New 12/01/2018*

> ## Recitals in criminal and immigration cases pursuant to Circuit Rule 27-8
> *Complete this section for criminal or immigration cases.*

Previous requests for extension of time to file the document, including any request for a Streamlined Extension of Time under Circuit Rule 31-2.2(a) (*select one*):

○ I have **NOT** filed a previous request to extend time to file the document.

○ I have previously requested an extension of time to file the document.

This motion is my [　　　　　　] request.

*(Examples: first, second)*

Bail/detention status (*select one*):

○ The defendant is incarcerated. The projected release date is: [　　　　　].

○ The petitioner is detained.

○ The defendant/petitioner in this criminal/immigration case is at liberty.

**Signature** [　　　　　　　　　　] **Date** [　　　　　　　]

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 14**        2        *New 12/01/2018*

**Declaration in support of extension to file brief under Circuit Rule 31-2.2(b)**
*Complete this section if you are requesting an extension of time to file a brief.*

1. I request an extension of time to file the | Answering | brief.

   *(Examples: opening, answering, reply, first cross-appeal)*

2. The brief's current due date is: | March 25, 2026 |

3. The brief's first due date was: | March 25, 2026 |

4. A more detailed explanation of why the extension of time to file the brief is necessary: *(Under Circuit Rule 31-2.2(b), a request for extension of time to file a brief must be "supported by a showing of diligence and substantial need" and a conclusory statement as to the press of business does not constitute such a showing. Attach additional pages if necessary.)*

   See attached.

5. The position of the other party/parties regarding this request is:

   ☐ Unopposed.

   ☒ Opposed by *(name of party/parties opposing this motion):*

   | City of Berkeley |

   ☐ Unknown. I am unable to verify the position of the other party/parties because:

6. ☒ The court reporter is not in default with regard to any designated transcripts.

   If the court reporter is in default, please explain:

7. ☒ I have exercised diligence and I will file the brief within the time requested.

I declare under penalty of perjury that the foregoing is true and correct.

**Signature** | /s/ Anthony D. Prince |  **Date** | March 18 2026 |

*(use "s/[typed name]" to sign electronically-filed documents)*

**Form 14**                    3                    *New 12/01/2018*

## Attachment to Form 14

## Declaration of Anthony D. Prince

1.    I, Anthony Prince, am pro bono counsel for Plaintiff-Appellee Berkeley Homeless Union ("Plaintiff"). I have personal knowledge of the facts set forth below and could and would competently testify to these facts if called upon to do so. I submit this declaration in satisfaction of the requirement to show diligence and substantial need under Circuit Rule 31-2.2. (b).

2.    The Appellee's response brief is currently due on or before March 25, 2026. Appellee requests an additional 30 days to file its Answering Brief.  Plaintiff has neither requested nor received any prior extension. The requested extension is necessary primarily due to the growing complexity of the case and to physical injuries I suffered and their aftermath as described below. Streamlined extensions requests are not available in this appeal because this is a preliminary injunction appeal. Cir. Rule 31-2.2(a)(3).

3.    This case involves aggressive efforts by Defendant/Appellant City of Berkeley to close a longstanding homeless encampment where the majority of residents are members of the Berkeley Homeless Union who have significant physical and psychiatric disabilities and are, therefore,

1

entitled under Title II of the Americans With Disabilities Act to reasonable accommodations. The course of the litigation over more than a year has involved two District Court judges, two magistrate judges and included extensive motion practice and orders pertaining to complex issues under ADA, 14th Amendment substantive due process and the state-created danger doctrine, among others. The case has included almost 300 court filings, scores of declarations, hundreds of pages of exhibits, lengthy transcripts of interactive process meetings, hundreds of emails between numerous City officials and Union leaders with regard to disability accommodations, motions to dismiss, for contempt, for TRO and preliminary injunctions.

4.     Good cause exists for the requested extension because a consolidated hearing is scheduled for March 20, 2026, on (1) cross-motions for summary judgment, (2) a motion to dissolve the existing preliminary injunction, and (3) a motion for a new preliminary injunction. These proceedings involve the same legal claims, factual record, and equitable considerations that are the subject of this appeal, including the scope and validity of the preliminary injunctive relief challenged here. The issues presented are unusually complex, involving overlapping constitutional and statutory questions, a developing factual record, and multiple forms of equitable relief that are currently in flux before the district court.

5. The district court's rulings on these motions are likely to materially alter the legal and factual posture of the injunction on appeal, including whether it remains in effect, is modified, or is replaced entirely. As a result, unless time is extended, Appellee's answering brief will be addressing a moving target, requiring supplementation or revision, and potentially resulting in incomplete or inefficient briefing.

6. In addition - although not the principal reason for seeking an extension - an aggravating and continuing factor has been traumatic injuries that I sustained on October 6, 2025 – specifically, multiple fractures of the left shoulder requiring three surgical procedures and which for almost four months made the use of my immobilized left hand and arm impossible and which still requires limitations in time spent at the computer keyboard and other activities involving interior flexion.

7. Initially, after being provided with medical documentation in November, 2025, the District Court accommodated the disability with a six-week extension of time to file a status report during the post-surgery recovery period and with two subsequent extensions of two or three days each.

8. Because I am a sole practitioner who employs no other attorneys or staff, the above-described legal complexities and physical limitations have been

3

significant although I'm now receiving physical therapy and expect to be able to substantially resume activities that were previously restricted.

9. In sum, I believe the above-described circumstances constitute good cause under Ninth Circuit Rule 31-2.2 because the requested extension is necessary to ensure efficient use of judicial resources and the preparation of a fully informed appellate brief. Plaintiff/Appellee is mindful of proceeding expeditiously with this appeal, has exercised diligence and will file its Answering brief and has requested the shortest extension reasonable.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is a true and correct statement based on personal knowledge.

Dated: March 18, 2026                                         /s/ Anthony D. Prince
Executed at Berkeley, CA

### CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system on March 18, 2026, and that service will be accomplished by the appellate ACMS system on all registered participants.

/s/ Anthony D. Prince
Anthony D. Prince

4