**No. 25-7341**

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

BERKELEY HOMELESS UNION, ET AL.

*Plaintiffs-Appellees*.

v.

CITY OF BERKELEY, ET AL.,

*Defendants-Appellants*,

On Appeal from the United States District Court
for the Northern District of California
No. 3:25-CV-01414-EMC
Hon. Edward M. Chen

## APPELLANTS' RESPONSE TO APPELLEE'S MOTION TO EXTEND TIME

Farimah Faiz Brown, City Attorney, No. 201227
Laura Iris Mattes, Deputy City Attorney, No. 310594
Stephen A. Hylas, Deputy City Attorney, No. 319833

Berkeley City Attorney's Office
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
(510) 981-6998
lmattes@berkeleyca.gov

*Attorneys for Appellants*
*City of Berkeley, Thomas Gregory, Paul Buddenhagen,*
*Peter Radu, Okeya Vance-Dozier, Rashi Kesarwani*

## INTRODUCTION AND ARGUMENT

Pursuant to FRAP 27(a)(3)(A), Appellant City of Berkeley hereby submits this response opposing the motion filed by Appellee Berkeley Homeless Union ("BHU") for a one-month extension of its Answering Brief deadline. *See* Dkt. 21.1. The City opposes BHU's motion for the following reasons.

*First*, the situation here is exigent. As the City's Opening Brief explains, the injunction challenged in this appeal prohibiting the City from abating the encampment at issue has had a devastating impact on public health and safety in the surrounding community. Dkt. 18.1 at pp. 40-42. Each day the injunction remains, these harms grow. *Id.* Most recently, unsanitary encampment conditions, caused by the City's inability to abate the encampment, have led to an outbreak of Leptospirosis. *Id*. Leptospirosis has caused multiple animal deaths in the encampment and poses significant risk to humans including kidney damage, meningitis, liver failure, and even death. *Id.*; *see also* 2-ER-144-150. The City therefore cannot afford any further delay

1

before this Court can act promptly on the City's appeal.

*Second*, the briefing schedule has already been delayed for two months; another month of delay is unnecessary and potentially harmful. Under Ninth Circuit Rule 3-3(b), an Opening Brief in a preliminary injunction appeal is ordinarily due 28 days after the notice of appeal is docketed, with the Answering Brief due 28 days after the Opening Brief is filed. BHU's Answering Brief therefore should have been due no later than January 15, 2026. The only reason BHU's brief is instead due on March 25, 2026 is that this Court reset the briefing schedule due to issues with the form of the City's notice of appeal. (*See* Dkt. 2.1, 6.1, 7.1, 11.1, and 15.1). The expedited briefing schedule for preliminary injunction appeals is designed to avoid irreparable harms, such as those described above, that could occur by delaying resolution. Because BHU has already received an extra two months to file its Answering Brief, the briefing schedule should not be delayed any further.

*Third*, this Court should not reward BHU's well-worn tactic of

2

requesting last-minute extensions. The City filed its notice of appeal in November 2025 and BHU has known about the briefing schedule since January 2026, so it did not need to wait until the last minute to request this extension. *See* Dkt. 1, Dkt. 15.1 [setting answering brief deadline of March 25, 2026]. Indeed, BHU has known about the main reason it now claims it needs an extension—the March 20, 2026 summary judgment hearing in the district court—since early January. *See* 2-ER-122 [court order dated Jan. 13, 2026 setting briefing deadlines and hearing date]. As such, BHU's attorney had ample time to obtain assistance if either his October 2025 shoulder injury or capacity limited his ability to adequately represent his client in this appeal. But BHU chose not to do so. Instead, as this Court will recognize from reviewing the City's Opening Brief, BHU's last-minute request is part and parcel of its playbook in this case. Before every significant deadline in the district court, BHU has sought a last-minute extension because it knows that further delay extends the injunction and thus benefits BHU at the expense of public health and

safety.  *See* Dkt. 18.1 at pp. 32 [discussing BHU's last-minute request to extend injunction deadline]; pp. 35 [same]; pp. 37 [same].  This Court should not take the bait and reward BHU's dilatory tactics by effectively giving it twice as much time to file an Answering Brief.

*Finally*, and importantly, BHU is wrong in arguing that the district court's ruling at the March 20, 2026 summary judgment hearing will materially alter or affect the matters at issue in this appeal.  This appeal relates to a June 10, 2025 preliminary injunction that was later continued multiple times, including in an October 2025 order from which the City appeals. *See* Dkt. 18.1.  Conversely, the upcoming hearing concerns cross motions for summary judgment as well as a newly filed temporary restraining order brought on behalf of individuals who are not a party to this appeal or the underlying litigation. *See* Dkt. 274. If the district court grants summary judgment or issues a new injunction based on the recently filed requests, this Court can resolve any legal issues from those decisions on a later appeal. There is no need to modify the briefing schedule in *this*

4

appeal to address such issues. Indeed, it would be improper to do so given that they are not part of the record and are not properly before the Court. *See, e.g., Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074 (9th Cir. 1988) (citing *United States v. Walker*, 601 F.2d 1051, 1055 (9th Cir. 1979) ("We are here concerned only with the record before the trial judge when his decision was made.").

## CONCLUSION

For the foregoing reasons, this Court should deny BHU's motion for an extension of the Answering Brief deadline.

DATED: March 20, 2026      **BERKELEY CITY ATTORNEY'S OFFICE**

                                 */s/ Stephen Hylas*

FARIMAH FAIZ BROWN
LAURA IRIS MATTES
STEPHEN A. HYLAS
Attorneys for City of Berkeley

5

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1),

Appellant City of Berkeley hereby certifies that this document

contains 812 words according to the word processing software used

to produce the document. This does not include this certificate, the

caption page, or the signature blocks pursuant to Rule 32(f).

DATED:  March 20, 2026      **BERKELEY CITY ATTORNEY'S OFFICE**

_/s/ Stephen Hylas_

FARIMAH FAIZ BROWN
LAURA IRIS MATTES
STEPHEN A. HYLAS
Attorneys for City of Berkeley

6